**Clement & Murphy**
PLLC

March 11, 2024

**By CM/ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> Re: *Delaware State Sportsmen's Association, Inc. v. Delaware Department of Safety & Homeland Security*, No. 23-1633;
> *Gray v. Attorney General of Delaware*, No. 23-1643; and
> *Graham v. Attorney General of Delaware*, No. 23-1634

Dear Ms. Dodszuweit:

The DSSA plaintiffs submit this response to Amicus New Jersey's FRAP 28(j) letter. New Jersey encourages this Court to adopt the Seventh Circuit's reasoning in *Bevis v. City of Naperville*, 85 F.4th 1175 (2023). That would be a recipe for reversal, as *Bevis* upheld Illinois' ban only by openly disregarding Supreme Court precedent.

The Supreme Court has been explicit that "the Second Amendment's definition of 'arms'" covers "'any thing that a man … takes into his hands, or useth in wrath to cast at or strike another.'" *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008); *see NYSRPA v. Bruen*, 597 U.S. 1, 28 (2022). That plainly includes rifles, pistols, and shotguns, no matter what grip, stock, or reloading mechanism they have. Instead of applying that controlling "definition," *Bevis* conducted its own "search for the correct meaning of 'Arms.'" 85 F.4th at 1194. The endpoint of that misguided enterprise was to flip *Bruen* on its head: *Bevis* held that firearms are not even *presumptively* protected unless citizens first show that they are unlike "machineguns," whatever that may mean. *Id.* at 1195.

The Supreme Court has been equally explicit that our Nation's historical tradition "provide[s] no justification for laws restricting the public carry of weapons that are unquestionably in common use today." *Bruen*, 597 U.S. at 47. *Bevis* refused to abide by that clear holding too. Unable to deny that semiautomatic firearms and the feeding devices that enable them to fire semiautomatically are in common use today, *Bevis* derided the common-use test as "circular," "slippery," and not "very helpful." 85 F.4th at 1190, 1198-99. *Bevis* then displaced the historical-tradition test *Bruen* painstakingly laid out with a form of "balancing" in which the historical fit need not be very "close" if a court does not think the burden on the right is very substantial—and used that relaxed approach to claim that concealed-carry laws somehow justify outright bans of arms that are unquestionably common, *id.* at 1198-1200—which is the opposite of what *Bruen* said, *see* 597 U.S. at 47. This Court should not follow *Bevis* down its deeply misguided path.

March 11, 2024
Page 2 of 2

                                                Respectfully submitted,

                                                <u>s/Erin E. Murphy</u>
                                                Erin E. Murphy

                                                *Counsel for Delaware State Sportsmen's Association Plaintiffs-Appellants*

cc: All counsel of record (by CM/ECF)