**Clement & Murphy**
PLLC

March 11, 2024

**By CM/ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re: *Delaware State Sportsmen's Association, Inc. v. Delaware Department of Safety & Homeland Security*, No. 23-1633; *Gray v. Attorney General of Delaware*, No. 23-1643; and *Graham v. Attorney General of Delaware*, No. 23-1634

Dear Ms. Dodszuweit:

      The DSSA plaintiffs submit this response to Delaware's FRAP 28(j) letter. Delaware advises this Court of the First Circuit's decision in *Ocean State Tactical v. Rhode Island*, No. 23-1072 (March 7, 2024) ("*OST*"), upholding Rhode Island's ban on ammunition feeding devices capable of holding more than ten rounds. But in so holding, that court dismissed as irrelevant the American people's overwhelming choices of how to defend themselves, in favor of looking only to how many rounds are typically discharged in self-defense situations. *OST*.Op.11-13. That view is flatly inconsistent with *Heller* and *Bruen*.

      *Heller* made clear that the only arms "the Second Amendment does not protect" are those "not typically possessed by law-abiding citizens for lawful purposes." *District of Columbia v. Heller*, 554 U.S. 570, 625 (2008). The focus of the inquiry is on what law-abiding citizens "typically possess[]." Any doubt on that score was erased by *Bruen*, which reiterated that "the Second Amendment protects the possession and use of weapons that are 'in common use.'" *NYSRPA v. Bruen*, 597 U.S. 1, 47 (2022) (quoting *Heller*, 554 U.S. at 627).

      The *OST* court thought that what people possess is not as relevant as how often they are forced to fire it in self-defense. But the Second Amendment protects the right "to keep and bear Arms," not just to fire them when the need for self-defense arises. U.S. Const. amend. II. That is precisely why the Supreme Court has held that "bear[ing] arms" includes not just firing them at would-be attackers, but possessing them and "being armed and ready for offensive or defensive action." *Bruen*, 597 U.S. at 32 (ellipsis in original) (quoting *Heller*, 554 U.S. at 584).

      Delaware also posits that *OST* supports its claim that its ban on common magazines is comparable to "historical restrictions on sawed-off shotguns, machineguns, and Bowie knives." Ltr.1. But its own expert denied that the former two have ever been in common use for lawful purposes, App.328-34, and acknowledged that Bowie knives were never

March 11, 2024
Page 2 of 2

banned, App.315.  Concealed-carry restrictions and other historical regulations that did not touch possession cannot begin to support Delaware's sweeping arms ban.

                                                          Respectfully submitted,

                                                          s/Erin E. Murphy
                                                          Erin E. Murphy

                                                          *Counsel for Delaware State Sportsmen's Association Plaintiffs-Appellants*

cc: All counsel of record (by CM/ECF)