

1313 North Market Street, Suite 1001 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

David E. Ross                                                                                             Direct Dial 302.576.1602
                                                                                                         dross@ramllp.com

July 2, 2024

**VIA CM/ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1790

> Re:   **Letter pursuant to Fed. R. App. P. 28(j) in No. 23-1641, *Delaware State Sportsmen's Association, Inc. v. Delaware Department of Safety & Homeland Security*, No. 23-1633, *Gray v. Attorney General of Delaware*, and No. 23-1634, *Graham v. Attorney General of Delaware***

Dear Ms. Dodszuweit:

    Appellees advise this Court of *United States v. Rahimi*, 602 U.S. ___, 2024 WL 3074728 (June 21, 2024), which rejected a facial challenge to the federal firearm-possession ban for persons subject to domestic-violence restraining orders, 18 U.S.C. § 922(g)(8).

    *Rahimi* supports both of Appellees' arguments, that Appellants failed to: (1) demonstrate irreparable harm; and, (2) establish a likelihood of success on the merits. *See* No. 23-1633, D.I. 62 (Appellees' Answering Brief). First, *Rahimi* undermines Appellants' suggestion that any special irreparable-harm analysis for First Amendment claims be imported to Second Amendment claims. *See* No. 23-1641, D.I. 20-1 at 27-28 (Opening Brief). *Rahimi* applied the usual facial-challenge standard to a Second Amendment claim. *Compare* 2024 WL 3074728, at *6 (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)), *with United States v. Hansen*, 599 U.S. 762, 767-70 (2023).

    Second, if this Court reaches the merits, *Rahimi* bolsters Appellants' position. *Rahimi* reinforces that the second step of *NYSRPA v. Bruen*, 597 U.S. 1 (2022), asks whether a "challenged regulation is consistent with the principles that underpin our

Ms. Dodszuweit
July 2, 2024
Page 2

regulatory tradition," not whether it has a perfect historical match. 2024 WL 3074728, at *6 (majority); *see also id.* (modern laws "must comport with the principles underlying the Second Amendment," but "need not be a 'dead ringer'"); *id.* at *30 (Barrett, J., concurring) ("Historical regulations reveal a principle, not a mold."); *id.* at *19 (Kavanaugh, J., concurring) (similar). That inquiry is "not meant to suggest a law trapped in amber," and "permits more than just those regulations identical to ones that could be found in 1791." *Id.* at *6 (majority); *id.* at *30 (Barrett, J., concurring) ("challenged regulation need not be an updated model of a historical counterpart").

Thus, *Rahimi* had no problem relying on surety and going-armed laws, including post-ratification authority from the 1830s and 1840s, to support restrictions on possession. *Id.* at *8, *9 (majority); *see also id.* at *22 (Kavanaugh, J., concurring) (emphasizing importance of post-ratification history). While those examples are "by no means identical" to Section 922(g)(8), they "do[] not need to be." *Id.* at *9 (majority).

Respectfully submitted,

*/s/ David E. Ross*

David E. Ross (#5228)

Word Count: 346

cc:   All Counsel of Record (via CM/ECF)