**Clement & Murphy**
PLLC

July 3, 2024

**VIA ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      Re:    *Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Security*, No. 23-1633; *Gray v. Attorney General of Delaware*, No. 23-1643; and *Graham v. Attorney General of Delaware*, No. 23-1634

Dear Ms. Dodszuweit:

Appellees misrepresent *United States v. Rahimi*, No. 22-915 (U.S. June 21, 2024). Not one word in *Rahimi* addresses "irreparable-harm analysis." *Contra* Dkt.119 at 1. But what it actually says confirms that Delaware's bans on common arms are unconstitutional.

First, *Rahimi* reaffirms that the Second Amendment "'extends, prima facie, to all instruments that constitute bearable arms'" and that the government always "bears the burden to 'justify its regulation'" when it "regulates arms-bearing conduct." Op.6-7 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008)). That defeats the AG's contention that this Court can uphold Delaware's bans without even engaging with historical tradition.

*Rahimi* also explains that "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." Op.7. But the law in *Rahimi* was permissible because there is a regulatory tradition of restricting firearm possession and use by those "found by a court to present a threat to others." Op.13. Delaware's laws, by contrast, prohibit people who have never been found to pose any threat to anyone from keeping ubiquitous self-defense weapons. While *Rahimi* found that "surety" and Northampton-style laws support a modern "prohibition on the possession of firearms by those found by a court to present a threat to others," it expressly reiterated that those laws are *not* a proper analogue for laws that burden the rights of the law-abiding. Op.13-14. When it comes to *those* laws, the Supreme Court has been explicit about *both* what our Nation's regulatory tradition is *and* what "principle[] … underpin[s]" it: The relevant "historical tradition" is "of prohibiting the carrying of 'dangerous and unusual weapons,'" and the principle that underpins it is "that the Second Amendment protects the possession and use of weapons that are 'in common use at the time.'" *NYSRPA, Inc. v. Bruen*, 597 U.S. 1, 21 (2022) (quoting *Heller*, 554 U.S. at 627); *see also* op.7; Kavanaugh.conc.22.

Patricia S. Dodszuweit
July 3, 2024
Page 2 of 2

    Because nothing in *Rahimi* disturbs that principle, Delaware's bans on firearms and feeding devices that are unquestionably in common use today remain flatly inconsistent with our Nation's regulatory tradition and the principles underpinning it.

    Respectfully submitted,

    <u>s/Erin E. Murphy</u>
    Erin E. Murphy

    *Counsel for Appellants in No. 23-1633*

Cc:  All Counsel of Record